CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 30, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARIK HASAN HUDGINS, ) | |
| Plaintiff, ) | Civil Action No. 7:22-cv-00170 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| DR. BENNY MULLINS, MD, ) | Senior United States District Judge |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Tarik Hasan Hudgins, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against members of the medical staff at Wallens Ridge State Prison (Wallens Ridge), including Dr. Benny Mullins. Hudgins claims that Dr. Mullins acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The case is presently before the court on (1) Dr. Mullins's renewed motion for summary judgment, ECF No. 80; (2) Hudgins's motion for appointment of an expert witness, ECF No. 85; and (3) Dr. Mullins's motion for a protective order staying discovery, ECF No. 95. For the reasons set forth below, the motion for summary judgment is **DENIED** without prejudice; the motion for appointment of an expert witness is **DENIED**; the motion for a protective order staying discovery is **DENIED**; and Dr. Mullins is directed to respond to certain discovery requests within 21 days.

### I. Background

The events giving rise to Hudgins's claims against Dr. Mullins occurred while Hudgins was incarcerated at Wallens Ridge from December 2021 until on or about March 1, 2022. Hudgins claims that Dr. Mullins failed to adequately treat a knee condition and an arm injury.

Specifically, Hudgins claims that Dr. Mullins acted with deliberate indifference to his serious medical needs by continuing to only prescribe Motrin "despite current and prior complaints, repeated, of its ineffectiveness at treating the severe pain" in his knee and arm. 2d Am. Compl., ECF No. 48, at ¶¶ 39, 51–52. Hudgins also claims that Dr. Mullins acted with deliberate indifference by failing to ensure that he was seen by an orthopedic specialist after Dr. Mullins determined that an orthopedic referral was clinically necessary. Id. ¶¶ 28, 51. Hudgins alleges that he did not see an orthopedic specialist until after he was transferred out of Dr. Mullins's care and that he "suffered extreme and unnecessary pain for months." Id. ¶ 47.

In response to Hudgins's second amended complaint, Dr. Mullins and two nurses named as a defendants filed a motion for summary judgment in which they raised the defense of qualified immunity. They simultaneously moved for a protective order staying discovery pending a decision on their motion for summary judgment. They argued that they should not have to respond to any discovery requests until the issue of qualified immunity had been resolved. In response to the defendants' motions, Hudgins argued that the motion for summary judgment was premature and that the court should deny the motion and permit him to engage in discovery pursuant to Federal Rule of Civil Procedure 56(d). On September 29, 2023, the court granted in part and denied without prejudice in part the defendants' motion for summary judgment, granted in part Hudgins's motion for relief under Rule 56(d), and denied as moot the defendants' motion for a protective order. See Mem. Op., ECF No. 74, at 21; Order, ECF No. 75, at 1–2. The court dismissed the claims against the nurses for failure to state a claim but concluded that Hudgins had stated a viable Eighth Amendment violation against Dr. Mullins. Mem. Op. at 15–19. The court further concluded that Dr. Mullins was

2

not entitled to qualified immunity based on the allegations in the second amended complaint and that Hudgins was "entitled to 'some discovery' before the court consider[ed] Dr. Mullins's declaration or any other evidence outside the pleadings." Id. at 19 (quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998)). The court directed Hudgins to file "a new master discovery motion" setting forth all matters he requested to discover from Dr. Mullins, and the court gave Dr. Mullins 75 days to file a renewed motion for summary judgment. Order at 2.

Hudgins subsequently filed a document styled as "Plaintiff's Master Discovery Requests." ECF No. 77. The requests consisted of requests for admission, interrogatories, and requests for production of documents. Id. at 1–4. The documents requested included "Hudgins's medical files from 12-2-21 to the present date, to include any reports from any specialists and any reports prepared for an MRI or surgery during off-site visits," and "[a]ny document which shows that Dr. Mullins did order a referral to an orthopedic specialist." Id. at 3–4.

Dr. Mullins subsequently filed a response to the discovery requests. ECF No. 78. In the response, Dr. Mullins specifically objected to 14 requests for admission and interrogatories, and three of the document requests. See id. at 4–8. Dr. Mullins asserted that "discovery, if any is permitted, [should] be limited to that which is permissible under the rules and to only those matters that are relevant to the claims raised" in the second amended complaint. Id. at 8 (emphasis added). The response provides no indication as to whether Dr. Mullins responded to the discovery requests to which he raised no specific objection, including the request for production of medical records.

3

On December 13, 2023, Dr. Mullins filed a renewed motion for summary judgment. ECF No. 80. In the memorandum filed in support of the motion, Dr. Mullins makes three arguments. First, Dr. Mullins argues that he is entitled to summary judgment because Hudgins "has not designated an expert to opine on the standard of care or causation." ECF No. 81 at 11. Dr. Mullins contends that "an expert is required to establish the threshold standard of care" in "deliberate indifference cases involving the adequacy of medical care" and that "[f]ailure to designate a standard of care expert is 'fatal' to a deliberate indifference claim." Id. To support this argument, Dr. Mullins cites to a decision from this district that has since been vacated on appeal. Id. (citing Jamison v. Amonette, No. 7:18-cv-00504, 2022 U.S. Dist LEXIS 19721 (W.D. Va. Feb. 3, 2022), vacated sub nom. Phoenix v. Amonette, 95 F.4th 852 (4th Cir. 2024)). In its decision, the Fourth Circuit "firmly reject[ed]" the "suggest[ion] that expert testimony is needed in every Eighth Amendment claim involving deliberate indifference to a serious medical need." Phoenix, 95 F. 4th at 858 (emphasis in original).

In addition to arguing that expert testimony is required, Dr. Mullins argues that no reasonable jury could find that he exhibited deliberate indifference based on the evidence presented in support of the motion, including his own declaration. ECF No. 81 at 14–23. Dr. Mullins also argues that he is entitled to qualified immunity based on the evidence presented. Id. at 23–26.

Hudgins subsequently filed a response to the motion for summary judgment in which he argues that summary judgment remains premature because "[d]iscovery has not been conducted" as provided in the court's previous memorandum opinion and order. ECF No. 87. Hudgins emphasizes that "[t]he only evidence [he] has been able to provide is his own

4

sworn statements because [Dr. Mullins] refuses to provide a complete medical record." Id. at 3. He argues that his efforts to obtain discovery have been "rebuffed by [Dr. Mullins] every time" and that "he cannot adequately respond without the ability to conduct some discovery." Id. at 4–5.

Hudgins then filed a motion for appointment of an expert witness. ECF No. 85. Based on Dr. Mullins's argument that expert testimony is required in Eighth Amendment cases challenging the adequacy of medical treatment, and in light of his status as indigent pro se inmate, Hudgins requests that the court appoint an expert witness under Federal Rule of Evidence 706.

Hudgins also filed another document that was docketed as a request for production of documents. ECF No. 92. In that filing, Hudgins again argues that Dr. Mullins has not responded to his request for production of medical records. Id. at 2.

On March 25, 2024, Dr. Mullins filed another motion for protective order. ECF No. 95. Dr. Mullins once again argues that he should not be required to undergo the costs and expense of discovery until the issue of qualified immunity is resolved. Id. at 96.

## II. Discussion

### A. Dr. Mullins's Motions for Summary Judgment and for a Protective Order

As the United States Court of Appeals for the Fourth Circuit recently reemphasized in a case filed by a pro se inmate, "the Supreme Court has instructed that summary judgment motions should only be granted 'after adequate time for discovery.'" Jenkins v. Woodard, 109 F.4th 242, 250 (4th Cir. 2024) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "Consistent with that instruction, [the Fourth Circuit] has cautioned that district courts should

not consider summary judgment motions where the nonmoving party has not had an opportunity to discover information essential to its opposition." Id. (citing Shaw v. Foreman, 59 F.4th 121, 128–29 (4th Cir. 2023)). "Relief under Rule 56(d) is therefore 'broadly favored' in this Circuit and should be 'liberally granted.'" Id. (quoting Pledger v. Lynch, 5 F.4th 511, 526 (4th Cir. 2021)). "This is especially true in the context of pro se litigation and when the movant exclusively controls evidence relevant to the nonmovant's opposition." Id.

As the court explained in its previous memorandum opinion, the mere fact that Dr. Mullins has invoked the defense of qualified immunity does not automatically preclude him from responding to Hudgins's discovery requests. Although discovery is "one of the evils" that qualified immunity is intended to address, the Supreme Court's decisions on qualified immunity do not "create an immunity from all discovery." Crawford-El v. Britton, 523 U.S. 574, 593 n. 14 (1998). Instead, they seek to protect government officials from the costs of "broad-reaching discovery." Id. (internal quotation marks omitted). The Supreme Court has specifically recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." Id.; see also Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987).

Here, Dr. Mullins argues that he is entitled to qualified immunity based on the evidence presented in support of the renewed motion for summary judgment. See ECF No. 81 at 4-8 (setting forth facts based on Dr. Mullins' declaration and other exhibits). Relying on his own declaration and other exhibits, Dr. Mullins argues that he did not act with deliberate indifference to Hudgins's medical needs and that no medical professional in his position would have understood that the treatment described in his declaration was unconstitutional. Id. at

6

14–26. Under these circumstances, the court remains convinced that it would be inappropriate to stay discovery until the motion for summary judgment is decided. See, e.g., Canada v. Fannin, No. 7:10-cv-00432, 2011 U.S. Dist. LEXIS 61102, at *3 (W.D. Va. June 8, 2011) (noting that the defendants had elected to raise the issue of qualified immunity in a fact-intensive motion for summary judgment supported by affidavits and that "it would be inherently unfair for the court to consider the evidence presented by defendants without providing the plaintiff the opportunity to engage in discovery and fully respond to the defendants' motion").

For these reasons, Dr. Mullins's motion for a protective order staying discovery, ECF No. 95, will be denied, and the pending motion for summary judgment, ECF 80, will be denied without prejudice to refiling pursuant to Rule 56(d).* Rule 56(d) permits a court to deny a motion for summary judgment to allow time for discovery if a nonmovant declares that he "cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). Although a Rule 56(d) request is typically supported by an affidavit, "even in the affidavit's absence, a district court abuses its discretion by granting summary judgment when it otherwise has 'fair notice of . . . potential dispute[s] as to the sufficiency of the summary judgment record.'" Shaw, 59 F.4th at 128 (alterations in original) (quoting Pledger, 5 F.4th at 526). As noted above, "[s]uch premature summary judgment is particularly disfavored in the context of pro se litigation." Id. Hudgins's response in opposition to the pending motion for summary judgment clearly provides the type of fair notice contemplated by the Fourth Circuit's recent decisions.

---

* Because the renewed motion for summary judgment will be denied without prejudice, Hudgins's motion for leave to file a supplemental response to the motion, ECF No. 97, will be denied as moot.

Hudgins has already submitted requests for admission, interrogatories, and requests for production of documents. ECF No. 77. If Dr. Mullins has not done so already, the court will require him to respond to the following discovery requests within 21 days, none of which was the subject of a specific objection: Requests for Admission 1–6, 13, 14, 16–25; Interrogatories 1–10; and Requests for Production of Documents 1–2 and 6. The court will also require Dr. Mullins to respond to the request for production of medical records docketed at ECF No. 92 within 21 days, to the extent that it includes records not covered by Request for Production of Documents No. 1. If Hudgins wishes to challenge any of Dr. Mullins's objections to other discovery requests, he must file a motion to compel under Rule 37 within 14 days. See Fed. R. 37(a)(3) ('A party seeking discovery may move for an order compelling an answer [or] production . . . .").

**B.      Hudgins's Motion for Appointment of an Expert Witness**

In response to Dr. Mullins's motion for summary judgment, Hudgins filed a motion for appointment of an expert witness under Federal Rule of Evidence 706. ECF No. 85. Hudgins argues that "[i]f the failure to present expert testimony would be fatal to [his] claims, and due to his indigency and incarcerated statuses he is unable to provide for it, the denial of this motion would be akin to the court choosing a side in the case to support." Id. at 1.

To the extent that Dr. Hudgins has suggested that expert testimony is "required" in any "deliberate indifference case[] involving the adequacy of medical care," ECF No. 81 at 11, that argument, as noted above, has since been "firmly reject[ed] by the Fourth Circuit:":

> To sum up: There is no per se rule that expert testimony is necessary to establish an Eighth Amendment deliberate indifference claim. Instead, the question is whether, in the context of a particular case, the plaintiff has produced sufficient

8

>evidence—of whatever kind—to create a genuine dispute of
>material fact about each of the required elements.

Phoenix, 95 F.4th at 858–59.

In any event, appellate courts have noted that Rule 706, which applies to court-appointed expert witnesses, "contemplates the appointment of an expert to aid the court," rather than to benefit a particular party. Hannah v. United States, 523 F.3d 597, 600 (5th Cir. 2008); see also Stevenson v. Windmoeller & Hoelscher Corp., 39 F.4th 466, 470 (7th Cir. 2022) (noting that the language of Rule 706 "envisions a neutral expert" and that "it is widely understood that the job of a neutral, court-appointed expert is to serve the interests of the court rather than those of any party"); Martin v. Redden, 34 F.4th 564, 569 (7th Cir. 2022) (noting that the decision to appoint an expert under Rule 706 "remains firmly within a district court's broad discretion" but that "a court should ensure that the purpose of the expert's opinion is to aid the court, not the party seeking appointment").

For these reasons, and in light of the court's decision to deny the pending motion for summary judgment pursuant to Rule 56(d), Hudgins's motion for appointment of an expert witness will be denied.

### III. Conclusion and Order

For the reasons set forth above, it is hereby **ORDERED** as follows:

1. Dr. Mullins's motion for summary judgment, ECF No. 80, is **DENIED WITHOUT PREJUDICE**;

2. Dr. Mullins's motion for a protective order staying discovery pending a ruling on the issue of qualified immunity, ECF No. 95, is **DENIED**, and Dr. Mullins is **DIRECTED** to respond to the discovery requests identified above within

    21 days;

3. Hudgins's motion for appointment of an expert witness, ECF No. 85, is **DENIED**;

4. Hudgins's motion for leave to file a supplemental response in opposition to the motion for summary judgment, ECF No. 97, is **DENIED** as moot;

5. Dr. Mullins shall have 45 days from the date of entry of this order to file a renewed motion for summary judgment; and

6. If Hudgins wishes to challenge any of Dr. Mullins's objections to previous discovery requests, he must file a motion to compel within 14 days.

The Clerk is directed to send a copy of this memorandum opinion and order to the parties.

    It is so **ORDERED**.

Entered: September 30, 2024

Mike Urbanski
Senior U.S. District Judge
2024.09.30 11:17:33
-04'00'

Michael F. Urbanski
Senior United States District Judge